# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WARBIRD CONSULTING PARTNERS, LLC ) ) **Plaintiff,** ) ) v. ) ) PSN SERVICES, LLC d/b/a PSN AFFILIATES, ) ) **Defendant.** ) ) | **CIVIL ACTION** **FILE NO. _____** |

## COMPLAINT

COMES NOW Plaintiff Warbird Consulting Partners, LLC ("Warbird" or "Plaintiff") and as its Complaint against Defendant PSN Services, LLC d/b/a PSN Affiliates ("PSN" or "Defendant"), respectfully shows the Court as follows:

### SUMMARY OF ACTION

1.

Warbird is a business consulting firm that provided six months of "C-level" consulting to PSN pursuant to an agreement which required PSN to pay Warbird $11,000 per week. Warbird sent bi-weekly invoices as agreed, but PSN has failed to pay anything and has refused Warbird's demand to pay the undisputed debt.

PSN owes Warbird more than $280,000 with accrued interest and Warbird is entitled to judgment for the full amount, plus Warbird's attorneys' fees and litigation expenses.

## PARTIES, JURISDICTION, AND VENUE

2.

Warbird is a Georgia limited liability company. Warbird provides consulting services to businesses primarily in the healthcare industry.

3.

PSN Services, LLC is a Texas limited liability company. On information and belief, PSN has three individual members, each of whom are residents and citizens of Texas. Warbird further alleges on information and belief that PNS has no members who are citizens of Georgia. PSN is a healthcare company providing services to providers and patients in facilities located in Texas and Florida.

4.

PSN is subject to personal jurisdiction in this Court because Warbird is located in Georgia and PSN sought and retained Warbird in Georgia to provide the consulting services to PSN. Thus, PSN has transacted business in Georgia with Warbird. PSN can be served with process through its registered agent for service,

COGENCY GLOBAL INC., at the company's registered office for service, 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

5.

This Court has subject matter jurisdiction in this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. PSN is a citizen of Texas and Warbird is a citizen of Georgia and several other states, but Warbird is not a citizen of Texas because it has no member who is a citizen of Texas.

6.

Venue is proper in this Court under 28 U.S.C. § 1391 because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and it is a judicial district in which PSN is subject to personal jurisdiction as if this district were a separate state.

## **FACTUAL ALLEGATIONS**

7.

In March 2021, PSN retained and requested Warbird to provide services to PSN (the "Services") as described in a Schedule of Interim Services ("SOW") that was exchanged between the parties.

46719659 v1

8.

Although PSN never signed the SOW or other written agreement, the parties agreed on the scope of the Services and Warbird did provide those Services to PSN. A true and correct copy of the SOW, appropriately redacted to remove personal and banking information, is attached hereto as Exhibit "A" and is incorporated herein.

9.

The Services, as described in the SOW, were to start March 17, 2021 and at the beginning of the engagement, the expected end date was to be September 30, 2021 (the "Consultancy Period").

10.

The parties agreed that during the Consultancy Period, Warbird was to provide Gregg Magers to work at PSN's facility as PSN's Interim CFO to report to Ryan King at PSN during the Consultancy Period.

11.

Mr. Magers, who at all times was Warbird's employee and paid by Warbird, started work as Interim CFO at PSN on March 17, 2021 and continued in that role until his last day onsite at PSN on September 3, 2021.

12.

Mr. Magers performed all of the duties for which PSN contracted with Warbird for his services. PSN accepted all of the Services performed by Mr. Magers and Warbird.

13.

PSN was satisfied with Mr. Magers' services. In fact, on several occasions during the Consultancy Period, PSN's Chief Executive Officer and Co-Founder, Jordan Fowler, asked Mr. Magers to stay at PSN as the permanent Chief Financial Officer as a full time PSN employee after the Consultancy Period with Warbird expired.

14.

Throughout Mr. Magers' tenure working at PSN during the Consultancy Period, Warbird sent bi-weekly invoices to PSN, as agreed, reflecting the agreed-upon fee of $11,000 per week, each due and payable within 30 days.

15.

In total, Warbird sent 13 invoices totaling $270,600 (the "Invoices"), identified as follows:

| Invoice # | Invoice Date | Due Date | Amount Billed | Dates of Services Rendered |
|---|---|---|---|---|
| 011442 | 04/05/2021 | 05/05/2021 | 17,600.00 | 3/17/21 - 3/27/21 |
| 011467 | 04/22/2021 | 05/22/2021 | 22,000.00 | 3/28/21 - 4/10/21 |
| 011512 | 05/12/2021 | 06/11/2021 | 22,000.00 | 4/11/21 - 4/24/21 |
| 011518 | 05/12/2021 | 06/11/2021 | 22,000.00 | 4/25/21 - 5/8/21 |
| 011563 | 06/03/2021 | 07/03/2021 | 22,000.00 | 5/9/21 - 5/22/21 |
| 011578 | 06/10/2021 | 07/10/2021 | 22,000.00 | 5/23/21 - 6/5/21 |
| 011609 | 06/24/2021 | 07/24/2021 | 22,000.00 | 6/6/21 - 6/19/21 |
| 011644 | 07/09/2021 | 08/08/2021 | 22,000.00 | 6/20/21 - 7/3/21 |
| 011667 | 07/22/2021 | 08/21/2021 | 22,000.00 | 7/4/21 - 7/17/21 |
| 011705 | 08/05/2021 | 09/04/2021 | 22,000.00 | 7/18/21 - 7/31/21 |
| 011731 | 08/19/2021 | 09/18/2021 | 22,000.00 | 8/1/21 - 8/14/21 |
| 011761 | 09/02/2021 | 10/02/2021 | 22,000.00 | 8/15/21 - 8/28/21 |
| 011779 | 09/20/2021 | 10/20/2021 | 11,000.00 | 8/29/21 - 9/11/21 |

True and correct copies of the Invoices, appropriately redacted to remove personal and banking information, are attached collectively as Exhibit "B."

16.

The parties agreed that unpaid amounts in the Invoices would accrue interest at the rate of 1% per month, or such higher rate as legally permissible.

17.

Accrued interest through November 19, 2021 on the Invoices at 1% per month totals $10,442.07. Interest continues to accrue from November 19, 2021 at the per diem rate of $88.96.

46719659 v1

18.

Warbird has reached out to PSN on several occasions seeking a resolution to PSN's failure to pay for all of the Services rendered between March and September 2021.

19.

PSN has acknowledged Warbird's Invoices, but has failed to pay them or offer any excuse for the nonpayment.

20.

In fact, early during the Consultancy Period, PSN tried to pay one or more Invoices by submitting payment to Warbird's former bank, Wells Fargo. Wells Fargo returned the payments to PSN because by the time those payments were received by Wells Fargo, Warbird had changed its banking relationship as shown on the Invoices. PSN has never paid those Invoices originally paid to Wells Fargo and has offered no excuse for the nonpayment.

21.

In October 2021, Warbird attempted to resolve PSN's failure to pay for the Services that had already been provided. Warbird offered to allow PSN to pay down the debt in installments.

22.

Warbird sent PSN a document titled Payment Agreement in which the parties acknowledged the principal amount of the debt was $270,600, and Warbird agreed to accept weekly payments as specified therein.

23.

The first payment to be paid in the installment plan was to be received by Warbird on November 1, 2021.  But the Payment Agreement specified that if PSN failed to make a timely payment, Warbird could cancel the Payment Agreement and would not be obligated to allow installment payments.

24.

Warbird sent the Payment Agreement to PSN on October 27, 2021 and PSN signed it and returned it by email to Warbird on the same day.  A true and correct copy of the Payment Agreement signed by PSN, appropriately redacted, is attached hereto as Exhibit "C" and is incorporated herein.

25.

Someone from PSN later emailed Warbird and said that she had prematurely signed and sent the Payment Agreement because her boss had not yet read it.  PSN did not make the initial payment on November 1, has not made any payment, and has never followed up about the Payment Agreement or the Invoices.

26.

On November 16, 2021, through counsel, Warbird made a final demand to PSN for payment by November 19, 2021. A true and correct copy of Warbird's November 16, 2021 demand letter is attached hereto as Exhibit "D" and is incorporated herein.

27.

The November 16, 2021 letter was sent by email to PSN's CEO, CFO, and Chief Strategy Officer by email and separately to each of them by Federal Express. The emails to these gentlemen did not "bounce back" and the Federal Express packages were delivered to each of them on November 17, 2021.

28.

The letter was also sent by Federal Express to PSN's registered agent and delivered on November 17, 2021.

29.

PSN has not responded to the November 16 letter, did not pay any of the Invoices by November 19 as demanded, and as of the filing of this Complaint, PSN has neither paid nor provided any excuse for its nonpayment of the Invoices.

30.

PSN engaged Warbird to provide high-level, specialized services for an agreed fee. Warbird provided the services over a six month period in good faith and sent invoices for the agreed-upon fees. PSN accepted the services, received the invoices, but refuses to pay. PSN has essentially stolen services from Warbird.

## **COUNT ONE – BREACH OF CONTRACT**

31.

Warbird incorporates all of the allegations above as though fully set forth here.

32.

Warbird and PSN entered a contract for consulting services whereby Warbird would provide an Interim CFO to PSN to work onsite at PSN from March through September 2021 at a weekly rate of $11,000 to be invoiced bi-weekly.

33.

Warbird provided all of the services to PSN that the parties agreed to and Warbird sent bi-weekly invoices for the weekly rate of $11,000.

34.

PSN received and accepted the consulting services.  In fact, PSN was so pleased with Warbird's employee's performance, PSN made several offers to him to work full time as a PSN employee.

35.

PSN has not paid any of the invoices in breach of the contract.  PSN's failure to pay Warbird's invoices is a breach of the parties' agreement.

36.

PSN is liable to Warbird for breach of contract in the amount of the Invoices, plus interest, in the total amount of $281,042.07 as of November 19, 2021, plus per diem interest in the amount of $88.96 from November 19, 2021 through the date of judgment.

**COUNT TWO – SUIT ON ACCOUNT (Alternative Claim)**

37.

Warbird incorporates all of the allegations above as though fully set forth here.

38.

As an alternative count, Warbird provided consulting services to PSN on account from March through September 2021.

39.

Warbird sent periodic invoices to PSN for the services provided, but PSN has not paid any of the invoices. PSN received each of the invoices but has never objected to any of the invoices.

40.

All of Warbird's invoices to PSN are past due. PSN owes Warbird on the account, and Warbird is entitled to judgment against PSN in the amount of, $270,600 in principal, plus $10,442.07 in accrued interest through November 19, 2021, plus per diem interest in the amount of $88.96 from November 19, 2021 through the date of judgment.

## COUNT THREE – UNJUST ENRICHMENT/QUANTUM MERUIT

41.

Warbird incorporates all of the allegations above as though fully set forth here.

42.

PSN requested that Warbird provide valuable consulting services as described in more detail above. PSN expected to pay Warbird for the services in the amount of $11,000 per week.

43.

Warbird provided the services to PSN as requested and PSN accepted the services from March through September 2021.

44.

Warbird's services were valuable and worth at least $11,000 per week.

45.

PSN has been enriched by Warbird's services for which PSN has failed and refused to pay Warbird.

46.

Equity and good conscience require that PSN pay Warbird for the valuable services provided, in the principal amount of $270,600, plus interest from the time each of the Invoices came due and payable.

47.

Alternatively, PSN has been unjustly enriched by its acceptance of Warbird's valuable services for which it has paid nothing. Equity and good conscience require that PSN pay Warbird for the services, in the minimum amount of $270,600, plus interest, to avoid being unjustly enriched.

## **COUNT FOUR – ATTORNEYS' FEES, EXPENSES OF LITIGATION**

48.

Warbird incorporates all of the allegations above as though fully set forth here.

49.

Warbird provided six months of consulting services to PSN in good faith. During that time, Warbird had to pay its consultants and office staff their salaries, as well as the ordinary and necessary overhead expenses of operating a consulting business.

50.

Specifically, as PSN was accepting and benefitting from Warbird's services, Warbird was advancing all of the costs of providing those services while PSN was knowingly paying nothing for those services.

51.

PSN received each of Warbird's Invoices and PSN did not dispute any of them, yet PSN failed to pay any of them.

52.

After the Consultancy Period concluded in September, Warbird made several inquiries to PSN about payment but PSN never paid. Finally, in November

2021, Warbird was forced to retain counsel to demand payment from PSN, which it did, yet PSN still failed to pay the Invoices, failed to provide any explanation for the nonpayment, and failed to provide any response at all.

53.

PSN's indebtedness to Warbird is undisputed and grossly past due. Warbird has gone to extraordinary lengths to resolve PSN's nonpayment, but PSN has failed to cooperate, respond, or pay.

54.

The refusal to pay an undisputed debt is prima facie stubborn litigiousness. Indeed, PSN has been stubbornly litigious, acted in bad faith, caused Warbird unnecessary trouble and expense, and is liable to Warbird under O.C.G.A. § 13-6-11 for all of Warbird's attorneys' fees and expenses of litigation actually incurred in this matter.

WHEREFORE, Warbird respectfully requests the following relief:

(a) That process issue and be served on PSN as provided by law;

(b) That the Court enter judgment in Warbird's favor against PSN in the amount of $270,600 in principal, plus $10,442.07 in accrued interest through November 19, 2021, plus per diem interest in the amount of $88.96 from November 19, 2021 through the date of judgment;

(c) That the Court award Warbird its attorneys' fees and expenses of litigation actually incurred in this matter in accordance with O.C.G.A. § 13-6-11 for PSN's demonstrable stubborn litigiousness and bad faith; and

(d) For such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted this 23rd day of November, 2021.

/s/ *John O'Shea Sullivan*
John O'Shea Sullivan
Georgia Bar No. 691305
ssullivan@burr.com
Leesa Guarnotta
Georgia Bar No. 342984
lguarnotta@burr.com

*Attorneys for Plaintiff Warbird Consulting Partners, LLC*

**BURR & FORMAN LLP**
171 Seventeenth Street, Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Fax: (404) 817-3244